United States District Court
Southern District of Texas

**ENTERED**

September 08, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOCK O. LOGAN,                §
                             §
            Plaintiff,       §
                             §
v.                           §     CIVIL ACTION NO. H-22-2355
                             §
CARRINGTON MORTGAGE SERVICES, §
LLC,                         §
                             §
            Defendant.       §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jock O. Logan ("Plaintiff"), filed this action in the 125th Judicial District Court of Harris County, Texas, against Defendant Carrington Mortgage Services, LLC ("Defendant").[1] Pending before the court are Plaintiff's Motion to Remand ("Plaintiff's MTR") (Docket Entry No. 6) and Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law ("Defendant's MTD" or "Defendant's Motion to Dismiss") (Docket Entry No. 5). For the reasons set forth below, Plaintiff's Motion to Remand will be denied and Defendant's Motion to Dismiss will be granted.

## I.  Factual and Procedural Background

In December of 2010 Plaintiff took out a $137,259.00 loan to finance a home purchase and executed a promissory note on the

---

[1]Defendant's Notice of Removal, Docket Entry No. 1, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

debt.[2]   As security for the note, Plaintiff executed a Deed of Trust on the Property in favor of Mortgage Electronic Registration Systems, Inc ("MERS") as nominee for Plaintiff's creditor, Hancock Mortgage Partners, L.L.C. ("Hancock").[3]   Hancock transferred its interest in the Deed of Trust to Defendant on March 28, 2018, via MERS.[4]

Defendant sent Plaintiff a notice of default on July 7, 2017.[5] Defendant sent Plaintiff a notice of acceleration on April 4, 2018.[6]   Defendant sold and bought the Property at a nonjudicial foreclosure sale on June 5, 2018.[7]

Plaintiff then brought suit in the 80th Judicial District Court of Harris County, Texas ("2018 Lawsuit").[8]   Plaintiff alleged

---

[2]Note, Exhibit A to Defendant's MTD, Docket Entry No. 5-1, p. 2.  The real property in question is located at 5358 Pine Cliff Drive, Houston, Texas 77084 ("the Property").  Id.

[3]Deed of Trust, Exhibit B to Defendant's MTD, Docket Entry No. 5-2, p. 2.

[4]Assignment of Deed of Trust ("Hancock-Carrington Deed Assignment"), Exhibit C to Defendant's MTD, Docket Entry No. 5-3, p. 2.

[5]Notice of Intent to Foreclose, Exhibit 3 to Plaintiff's Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction ("Original 2022 Petition"), Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 38.

[6]Notice of Acceleration of Maturity, Exhibit 5 to Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 46.

[7]Substitute Trustee's Deed ("Foreclosure Sale"), Exhibit D to Defendant's MTD, Docket Entry No. 5-4, p. 3.

[8]Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction,  and Request for
(continued...)

breach of contract, abandonment of acceleration, wrongful foreclosure, and fraud, and he also sought a judgment to quiet title, enforcement of an equitable right of redemption, declaratory relief regarding Defendant's authority to foreclose, a temporary restraining order, and a permanent injunction prohibiting Defendant from foreclosing.[9]   Defendant removed the suit to federal court.[10] On February 20, 2021, the court adopted Magistrate Judge Nancy K. Johnson's Memorandum and Recommendation, denying Plaintiff's Motion for Summary Judgment, granting Defendant's Motion For Summary Judgment as to breach of contract, equitable right of redemption, suit to quiet title, and fraud, and denying Defendant's Motion for Summary Judgment as to abandonment of acceleration and wrongful foreclosure.[11]

The parties then entered into an oral settlement agreement, and the material terms of that agreement were read into the record on November 9, 2021.[12]  Two of the core terms were rescission of the foreclosure sale and modification of the loan with a new principal

---

[8](...continued)
Disclosures ("Original 2018 Petition"), Exhibit F to Defendant's MTD, Docket Entry No. 5-6, p. 2.

[9]Id. at 6-12.

[10]Defendant's MTD, Docket Entry No. 5, p. 3.

[11]Memorandum Opinion & Order, Exhibit J to Plaintiff's MTD, Docket Entry No. 5-10, p. 2; Memorandum and Recommendation, Exhibit I to Defendant's MTD, Docket Entry No. 5-9, p. 18.

[12]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 3.

amount of $137,000 for a term of 360 months at 3% interest.[13] Plaintiff confirmed to the court that the oral settlement agreement was binding on the parties.[14]   The court told the parties to document and file the settlement agreement.[15] After several months of negotiation, Plaintiff refused to sign Defendant's proposed Loan Modification Agreement,[16] arguing that Defendant attempted to add material terms that were not part of the oral settlement agreement.[17]   The April 4, 2018, foreclosure was rescinded on November 22, 2021.[18]

Since the dispute over the settlement Defendant has provided Plaintiff with two acceleration notices – a Notice of Accelerated Maturity of the Note dated May 14, 2022, and a Notice of Intent to

---

[13]Id.

[14]Transcript of Hearing Before the Honorable Gray H. Miller, United States District Judge, Logan v. Carrington Mortgage Services, LLC, Civil Action No. 4:18-3743, Exhibit A to Defendant's Motion to Enforce Settlement Agreement with Incorporated Memorandum of Law, Docket Entry No. 94-1, pp. 8:20-9:1.

[15]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 5.

[16]Loan Modification Agreement (Deed of Trust), Logan v. Carrington Mortgage Services, LLC, Civil Action No. 4:18-3743, Exhibit F to Defendant's Motion to Enforce Settlement Agreement with Incorporated Memorandum of Law, Docket Entry No. 94-1, p. 33.

[17]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 4.

[18]Rescission of Foreclosure Sale, Cancellation of Foreclosure Sale Deed and Reconveyance Special Warranty Deed ("Foreclosure Rescission"), Exhibit E to Defendant's MTD, Docket Entry No. 5-5, pp. 2-3.

Accelerate the Maturity of the Note dated July 11, 2022.[19]
Defendant scheduled a foreclosure sale for July 5, 2022.[20]

On July 1, 2022, Plaintiff brought this action in the 125th
Judicial District Court for Harris County, Texas, challenging the
scheduled foreclosure.[21]  Plaintiff seeks

    i.   [d]eclaratory [j]udgment of lack of standing to
        foreclose against Defendant [and]

    ii.  [a]lternatively, declaratory judgment for expiration
        of the statute of limitations to foreclose against
        defendant.[22]

Plaintiff also seeks attorney's fees, a temporary restraining
order, a temporary injunction, and a permanent injunction.[23]

Defendant removed the case to this court on July 14, 2022, on
the basis of diversity jurisdiction.[24]  Plaintiff filed Plaintiff's
Motion to Remand on August 4, 2022.[25]  Defendant filed Defendant
Carrington Mortgage Services, LLC's Opposition to Plaintiff's

--------------------------------

[19]Plaintiff's Response to Defendant's Motion to Dismiss
("Plaintiff's Response"), Docket Entry No. 7, p. 2.

[20]Notice of Substitute Trustee Sale, Exhibit 13 to Original
2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket
Entry No. 1-3, p. 85.

[21]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of
Removal, Docket Entry No. 1-3, p. 2.

[22]Id. at 3.

[23]Id. at 11-14.

[24]Defendant's Notice of Removal, Docket Entry No. 1.

[25]Plaintiff's MTR, Docket Entry No. 6, p. 1.

-5-

Motion to Remand ("Defendant's MTR Response") on August 22, 2022.[26] Plaintiff has not filed a reply to Defendant's MTR Response. The parties agree that Plaintiff is a citizen of Texas and that Defendant is not a citizen of Texas.[27] A January 1, 2022, appraisal by the Harris County Appraisal District valued the Property at $306,880.00.[28]

Defendant filed its Motion to Dismiss on August 3, 2022.[29] Plaintiff filed his Response on August 19, 2022.[30] Defendant filed Defendant Carrington Mortgage Services, LLC's Reply Brief in Further Support of Its Motion to Dismiss Plaintiff's Complaint ("Defendant's Reply") on August 26, 2022.[31] Plaintiff filed Plaintiffs Reply to Defendants' Response in Further Opposition to Defendants Motion to Dismiss on September 2, 2022 ("Plaintiff's Reply to Defendant's Reply").[32]

---

[26]Defendant's MTR Response, Docket Entry No. 8, p. 1.

[27]Plaintiff's MTR, Docket Entry No. 6, p. 1; Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶¶ 6-8.

[28]Harris County Appraisal District, Real Property Account Information, Account Number 1137240000109 ("Harris County Appraisal"), Docket Entry No. 1-6, p. 2.

[29]Defendant's MTD, Docket Entry No. 5, p. 1.

[30]Plaintiff's Response, Docket Entry No. 7, p. 1.

[31]Defendant's Reply, Docket Entry No. 9, p. 1.

[32]Plaintiff's Reply to Defendant's Reply, Docket Entry No. 10, p. 1. Plaintiff was not asked to file a reply to Defendant's Reply. The arguments in Plaintiff's Reply to Defendant's Reply do not change the court's conclusions.

## II.   **Legal Standard**

### A.   **Removal and Diversity Jurisdiction**

Under 28 U.S.C. § 1441(a)[33] any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court.   See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over civil actions if the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a).   Diversity jurisdiction requires complete diversity, that is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants."   Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."   Hunt v. Washington State Apple Advertising Commission, 97 S. Ct. 2434, 2443 (1977). "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that

---

[33]Title 28 U.S.C. § 1441(a) provides:   "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

property represents the amount in controversy." <u>Farkas v. GMAC</u>
<u>Mortgage, L.L.C.,</u> 737 F.3d 338, 341 (5th Cir. 2013).

"The removing party bears the burden of showing that federal
jurisdiction exists and that removal was proper." <u>Manguno v.</u>
<u>Prudential Property and Casualty Insurance Co.,</u> 276 F.3d 720, 723
(5th Cir. 2002). "Any ambiguities are construed against removal
because the removal statute should be strictly construed in favor
of remand." <u>Id.</u>

**B.   Rule 12(b)(6)**

A Rule 12(b)(6) motion tests the formal sufficiency of the
pleadings and is "appropriate when a defendant attacks the
complaint because it fails to state a legally cognizable claim."
<u>Ramming v. United States,</u> 281 F.3d 158, 161 (5th Cir. 2001), <u>cert.</u>
<u>denied sub nom. Cloud v. United States,</u> 122 S. Ct. 2665 (2002).
"To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to 'state a claim to
relief that is plausible on its face.'" <u>Ashcroft v. Iqbal,</u> 129
S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly,</u>
127 S. Ct. 1955, 1974 (2007). The court generally is not to look
beyond the pleadings in deciding a motion to dismiss. <u>Spivey v.</u>
<u>Robertson,</u> 197 F.3d 772, 774 (5th Cir. 1999). However, the court
may take judicial notice of public records in accordance with
Federal Rule of Evidence 201(b). <u>Funk v. Stryker Corp.,</u> 631 F.3d
777, 783 (5th Cir. 2011). The court may judicially notice a fact
that is "can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## C.  Declaratory Judgment

"When a declaratory judgment action filed in state court is removed to federal court . . . courts analyze claims under the federal Declaratory Judgment Act." Collins v. National Football League, 566 F. Supp. 3d 586, 602-03 (E.D. Tex. 2021) (internal quotations omitted). Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Declaratory judgment "is merely a procedural device and does not create any substantive rights or causes of action." Smitherman v. Bayview Loan Servicing, LLC, 727 F. App'x 787, 792 (5th Cir. 2018). "The court must ask (1) whether an actual controversy exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." Frye v. Anadarko Petroleum Corp., 953 F.3d 285, 294 (5th Cir. 2019) (internal quotations omitted).

## III.  Analysis

## A.  Plaintiff's Motion to Remand

Defendant's Notice of Removal asserts that diversity jurisdiction exists in this case. The parties agree that there is

-9-

complete diversity because Plaintiff is a citizen of Texas and Defendant is not a citizen of Texas.[34]

The parties disagree about the amount in controversy. Defendant states that the Property is the object of litigation and that "the value of the Property is at least \$306,880.00."[35] Plaintiff argues that "the object of litigation is **not** Plaintiff's real property" but instead "the unproven legitimacy of defendants self-assigned and self-purported rights as a *true creditor* and or *lender*."[36] Plaintiff argues that protection of his rights to the property's value would be "merely a byproduct of having the court declare that defendant has voided the lien."[37]

Plaintiff's argument is foreclosed by Farkas. A declaratory judgment to prevent foreclosure implicates the foreclosed property's full market value. Farkas, 737 F.3d at 341. Plaintiff's Original 2022 Petition explicitly attacks Defendant's legal right to foreclose on the Property. Granting Plaintiff's desired relief would prevent Defendant from foreclosing. Therefore, the amount in controversy includes the Property's value. A property's value is commonly proven by "attach[ing] a county appraisal district's

_____

[34]Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶¶ 6-7; Plaintiff's MTR, Docket Entry No. 6, p. 1.

[35]Defendant's Notice of Removal, Docket Entry No. 1, p. 3 (citing Harris County Appraisal, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1-6, p. 2).

[36]Plaintiff's MTR, Docket Entry No. 6, p. 2.

[37]Id. at 3.

-10-

assessment of the property." Defendant has attached Harris County's 2022 appraisal, which values the Property at $306,880.00.[38] This figure is several times the amount-in-controversy requirement, and Plaintiff has not provided any basis to believe that the value is drastically different. The amount in controversy therefore exceeds $75,000. Because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, the court has diversity jurisdiction. For these reasons Plaintiff's Motion to Remand will be denied.

## B. Defendant's Motion to Dismiss

Plaintiff seeks "[d]eclaratory [j]udgment of lack of standing to foreclose against defendant."[39] "Alternatively, [Plaintiff seeks] declaratory judgment for expiration of the statute of limitations to foreclose against defendant."[40] Defendant's Motion to Dismiss makes several threshold challenges to Plaintiff's complaint. First, Defendant argues that Plaintiff seeks declaratory judgment, a procedural mechanism, without articulating any under-lying causes of action.[41] Defendant also argues that Plaintiff's first argument (lack of standing to foreclose) is barred by res

---

[38]Harris County Appraisal, Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1-6, p. 2.

[39]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 3.

[40]Id.

[41]Defendant's MTD, Docket Entry No. 5, p. 5.

judicata (claim preclusion) and collateral estoppel (issue
preclusion), because of the parties' 2018 Lawsuit.[42]

On the merits of Plaintiff's claims, Defendant asserts that
each fails as a matter of law. Regarding Defendant's standing to
foreclose, Defendant argues that it only needs an interest in the
Deed of Trust to foreclose, that Hancock validly transferred the
Deed of Trust to Defendant via MERS, and that Plaintiff lacks
standing to challenge an alleged defect in the transfer.[43]
Regarding the statute of limitations, Defendant argues that the
limitations period did not run between the foreclosure and its
rescission.[44]

### 1.   Declaratory Judgment

Defendant argues that declaratory judgment is improper because
Plaintiff has not asserted an underlying cause of action.[45]
Defendant is correct that declaratory judgment is not itself a
cause of action.   See Frye, 953 F.3d at 294; Smitherman, 727
F. App'x at 792.   But the court is not persuaded by Defendant's
argument that Plaintiff has failed to meet this requirement.
Courts routinely consider declaratory judgment challenges to
creditors' legal authority to foreclose, including challenges based

---

[42]Id. at 6-9.

[43]Id. at 9-12.

[44]Id. at 12-14.

[45]Id. at 5.

-12-

on the statute of limitations. See, e.g., Alcala v. Deutsche Bank National Trust Co., 2016 WL 4363403 at *2-3 (S.D. Tex. Aug. 15, 2016), aff'd Alcala v. Deutsche Bank National Trust Co., 684 F. App'x 436 (5th Cir. 2017).

## 2.   Standing to Foreclose

Plaintiff seeks "[d]eclaratory [j]udgment of lack of standing to foreclose against defendant."[46]   With respect to the Note, Plaintiff argues that "[t]here is no history of a complete and unbroken succession of transfers of the ownership of the note from [the] original lender to defendant," "[t]here is no record of any negotiations between defendant and with a holder in due co[u]rse and legitimate creditor leading to the execution of an Asset Purchase Agreement," and "[t]here is nothing to show that Defendant paid anything of value to anyone for the acquisition of an asset that was an unpaid loan account with payments due from Logan."[47] Defendant argues that these claims are barred by res judicata and collateral estoppel.   In the alternative, Defendant argues that it does not need the Note to foreclose.

Assuming without deciding that res judicata and collateral estoppel do not apply, Plaintiff's claims nevertheless fail as a matter of law.   "Under Texas Law, a mortgagee . . . is permitted to

---

[46]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 3.

[47]Id. at 6-7 ¶¶ b,c,d.

-13-

foreclose on a house" under a deed of trust.  Epstein v. U.S. Bank National Association, 540 F. App'x 354, 356 (5th Cir. 2013).  The Texas Property Code defines a "mortgagee" to include "the last person to whom the security interest has been assigned of record."  Tex. Prop. Code § 51.0001(4)(C).  The Hancock-Carrington Deed Assignment therefore made Defendant a mortgagee.[48]  "The party to foreclose need not possess the note itself."  Epstein, 540 F. App'x at 357 (internal quotations omitted).  "So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority."  Id.  Therefore, Plaintiff's arguments that Defendant is not an owner or holder of the Note and that Defendant does not own an "unpaid loan account" are not relevant to Defendant's standing to foreclose.

Plaintiff also argues that the Hancock-Carrington Deed Assignment is defective.[49]  The transfer was executed by Tom Croft, an employee of Defendant.[50]  Plaintiff alleges that Croft had no authority to act on behalf of Hancock or MERS.[51]  Under Texas law "[a] plaintiff who is not a party to an assignment [of a deed of

---

[48]Hancock-Carrington Deed Assignment, Exhibit C to Defendant's MTD, Docket Entry No. 5-3, p. 2.

[49]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 7 ¶ e.

[50]Hancock-Carrington Deed Assignment, Exhibit C to Defendant's MTD, Docket Entry No. 5-3, p. 2.

[51]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 7 ¶ e.

trust] lacks standing to challenge the assignment on grounds which render it merely voidable at the election of one of the parties." Morlock, L.L.C. v. Bank of New York, 448 S.W.3d 514, 517 (Tex. App.-Houston [1st Dist.] 2014). Where a deed of trust is transferred without the assignor's authority, the assignment is voidable by the assignor, not void. See Bynane v. Bank of New York Mellon, 866 F.3d 351, 360 (5th Cir. 2017). Even assuming without deciding that Croft lacked the proper authority from Hancock, that would merely make the assignment voidable by Hancock. Id. Therefore Plaintiff, who is not a party to the Hancock-Carrington Deed Assignment, "lacks standing to challenge the assignment." Morlock, 448 S.W.3d at 517. Plaintiff's challenges to Defendant's standing to foreclose fail as a matter of law.

### 3. Statute of Limitations

Plaintiff alleges that the statute of limitations for Defendant to foreclose has expired.[52] Texas Property Code § 16.035(b) states that "[a] sale of real property under a . . . deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." When this period expires, the lien becomes void. Id. § 16.035(d). If a "deed of trust secured by real property contains an optional acceleration clause . . . . the action accrues only when the holder

---

[52] Id. at 9.

actually exercises its option to accelerate." <u>Holy Cross Church of God in Christ v. Wolf,</u> 44 S.W.3d 562, 566 (Tex. 2001).  The parties agree that Defendant accelerated the note on April 4, 2018, which started running the limitations period.  Plaintiff states that the only foreclosure that took place before April 4, 2022, was voided by the Foreclosure Rescission.[53]  Plaintiff argues that no legally effective foreclosure occurred within four years of the April 4, 2018, acceleration and that Defendant's lien is therefore void.[54]

In its Reply Defendant argues that the statute of limitations did not run between the 2018 Foreclosure and the 2021 Foreclosure Rescission.  Defendant states that "it is axiomatic that the statute of limitations was suspended because Carrington did not have the ability to sell the Property as it had already done so."[55]  Defendant asks the court to apply the doctrine of equitable tolling to the time between foreclosure and rescission.  Equitable tolling provides that "[w]here 'a person is prevented from exercising his

---

[53]<u>Id.</u> at 10 ¶ 41 (making it "as if [the foreclosure] never took place").

[54]<u>Id.</u>

[55]Defendant's Reply, Docket Entry No. 9, p. 5.  The court does not read Defendant's Motion to Dismiss as arguing that Plaintiff's statute of limitations argument is barred by res judicata or collateral estoppel.  Moreover, the limitations claim could not be barred because the 2018 Lawsuit occurred within four years of the April 4, 2018, acceleration.  <u>See In re Paige,</u> 610 F.3d 865, 870 (5th Cir. 2010) (Res judicata applies to claims that "were or could have been raised in" a prior action.); <u>Bradberry v. Jefferson County, Texas,</u> 732 F.3d 540, 548 (5th Cir. 2013) (Collateral estoppel only applies when "the issue was actually litigated" in a prior action.).

legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right.'" Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991). In foreclosure cases courts have tolled the limitations period during proceedings that legally prevented foreclosure – such as bankruptcy. See Jorrie v. Bank of New York Mellon Trust Co., N.A., 740 F. App'x 809, 812-13 (5th Cir. 2018) (applying Texas law).

Texas's equitable tolling doctrine is based on the pendency of proceedings that legally prevent foreclosure. No proceeding legally prevented Defendant from foreclosing, because the Property was already foreclosed. The court is therefore not persuaded that equitable tolling applies in this case.

Although equitable tolling does not apply, some courts addressing the effect of a withdrawal of foreclosure on the statute of limitations have found an abandonment of acceleration. See, e.g., OneWest Bank, N.A. v. Simon, 2019 WL 1320275 at *10 (E.D.N.Y. March 22, 2019). An abandonment of acceleration "restor[es] the note's original maturity date" for purposes of accrual, thereby resetting the statute of limitations. Boren v. U.S. National Bank Association, 807 F.3d 99, 104 (5th Cir. 2015) (quoting Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App.-Houston 2012)). Under Texas law "[t]he acceleration of a note can be abandoned 'by agreement or other action of the parties.'" Id. "Texas courts have framed the issue of abandonment of acceleration by reference

-17-

to traditional principles of waiver." <u>Justice v. Wells Fargo Bank</u> <u>National Association,</u> 674 F. App'x 330, 333 (5th Cir. 2016) (internal quotations omitted).  In Texas "the elements of waiver include:  (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." <u>Id.</u>  Perhaps most commonly, "[a] lender waives its earlier acceleration . . . by requesting payment on less than the full amount of the loan." <u>Boren,</u> 807 F.3d at 106.

The 2018 Lawsuit ended in a settlement agreement.  Two of the core terms were rescission of the foreclosure sale and modification of the loan with a new principal of $137,000 for a term of 360 months at 3% interest.[56]  Although a fully documented loan modification was never signed by Plaintiff, the modification was a term agreed to as part of the settlement agreement, which Plaintiff confirmed was binding.[57]  Defendant's modification of the loan with a new term of 360 months made clear to both parties that the full loan amount was no longer due.  The modification was "intentional conduct inconsistent with [Defendant's] right" to demand the full

---

[56]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 3.

[57]Transcript of Hearing Before the Honorable Gray H. Miller, United States District Judge, <u>Logan v. Carrington Mortgage</u> <u>Services, LLC,</u> Civil Action No. 4:18-3743, Exhibit A to Defendant's Motion to Enforce Settlement Agreement with Incorporated Memorandum of Law, Docket Entry No. 94-1, pp. 8:20-9:1.

loan amount or to foreclose.  Justice, 674 F. App'x at 333. Defendant therefore abandoned the April 4, 2018, acceleration by rescinding the foreclosure and modifying the loan.  The statute of limitations stopped running at that time and would reset upon another default and acceleration.  Because Plaintiff has failed to state a claim that the statute of limitations has expired, the court will grant Defendant's Motion to Dismiss.

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that it has diversity jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's Motion to Remand (Docket Entry No. 6) is DENIED; and Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 5) is GRANTED.

Because the court has concluded that Plaintiff has failed to state a claim for relief, his requests for attorney's fees, a temporary restraining order, a temporary injunction, and a permanent injunction are DENIED.

SIGNED at Houston, Texas, on this 7th day of September, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-19-