United States District Court
Southern District of Texas

**ENTERED**

October 24, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOCK O. LOGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2355 |
| | § | |
| CARRINGTON MORTGAGE SERVICES, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jock O. Logan ("Plaintiff"), filed this action in the 125th Judicial District Court of Harris County, Texas, against defendant, Carrington Mortgage Services, LLC ("Defendant").[1]  On September 7, 2022, the court granted Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law ("Defendant's MTD" or "Defendant's Motion to Dismiss") (Docket Entry No. 5).[2]  Pending before the court is Plaintiff's Motion to Vacate Judgment, with Leave to Amend Plaintiff's Original Petition to Conform to the Evidence ("Plaintiff's Motion for Reconsideration") (Docket Entry No. 13). For the reasons set forth below, Plaintiff's Motion for Reconsideration will be denied.

---

[1]Plaintiff's Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction ("Original 2022 Petition"), Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 2.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Memorandum Opinion and Order, Docket Entry No. 11, p. 19.

## I. **Factual and Procedural Background**

In December of 2010 Plaintiff took out a \$137,259.00 loan to finance a home purchase and executed a promissory note on the debt.[3] As security for the note, Plaintiff executed a Deed of Trust on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Plaintiff's creditor, Hancock Mortgage Partners, L.L.C. ("Hancock").[4] Defendant's employee, Tom Croft, executed a transfer of Hancock's interest in the Deed of Trust to Defendant on March 28, 2018, via MERS.[5]

Defendant sent Plaintiff a notice of default on July 7, 2017.[6] Defendant sent Plaintiff a notice of acceleration on April 4, 2018.[7] Defendant sold and bought the Property at a nonjudicial foreclosure sale on June 5, 2018.[8]

---

[3]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 4 ¶ 8. The real property in question is located at 5358 Pine Cliff Drive, Houston, Texas 77084 ("the Property"). Id. at 2 ¶ 1.

[4]Deed of Trust, Exhibit 1 to Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 21.

[5]Assignment of Deed of Trust ("Hancock-Carrington Deed Assignment"), Exhibit 7 to Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 54-55.

[6]Notice of Intent to Foreclose, Exhibit 3 to Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 38.

[7]Notice of Acceleration of Maturity, Exhibit 5 to Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 46.

[8]Substitute Trustee's Deed ("Foreclosure Sale"), Exhibit 10 to Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 65-66.

-2-

Plaintiff then brought suit in the 80th Judicial District Court of Harris County, Texas ("2018 Lawsuit"), seeking rescission of the foreclosure.[9] On November 9, 2021, the parties entered into a settlement agreement, and the material terms were read into the record.[10] The terms included "(1) a rescission of the foreclosure sale [and] (2) a modification of the loan with a new principal of $137,000 for a term of 360 months at 3% interest."[11] The parties confirmed to the court that they agreed to the settlement and that it was binding.[12] The court entered a conditional order of dismissal, "without prejudice to reinstatement of plaintiffs' claims if any party represents to the Court within 60 days from the date of this order that the settlement could not be completely documented."[13] The parties agreed that Defendant started performing, including by rescinding the foreclosure sale and paying Plaintiff

---

[9]Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and Request for Disclosures ("Original 2018 Petition"), Exhibit F to Defendant's MTD, Docket Entry No. 5-6, pp. 2, 15.

[10]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 3.

[11]Id.

[12]Transcript of Hearing Before the Honorable Gray H. Miller, United States District Judge, Logan v. Carrington Mortgage Services, LLC, Civil Action No. 4:18-3743, Docket Entry No. 92, pp. 2:25-3:3, p. 8:18-25, p. 9:12-19.

[13]Conditional Order of Dismissal, Logan v. Carrington Mortgage Services, LLC, Civil Action No. 4:18-3743, Docket Entry No. 83. The court then extended the time period to complete documentation. Conditional Order of Dismissal, Logan v. Carrington Mortgage Services, LLC, Civil Action No. 4:18-3743, Docket Entry No. 86.

-3-

$49,000.[14]  The parties reached an impasse over documentation of the loan modification.[15]   Plaintiff argued that Defendant had added material terms, and Defendant argued that they were boilerplate and even removed some of them.[16]  Defendant requested that the court enforce the settlement agreement, and Plaintiff asked the court to vacate its conditional dismissal.[17]  The court held that it lacked jurisdiction to enforce the settlement agreement and vacated the conditional dismissal because that dismissal was conditioned on the parties completely documenting the settlement agreement.[18]  The court dismissed Plaintiff's remaining claim because Defendant had already performed the relief sought – rescission of the foreclosure sale.[19]

On July 1, 2022, Plaintiff brought this action in the 125th Judicial District Court of Harris County, Texas, challenging the scheduled foreclosure.[20]  Plaintiff sought:

> I.   [d]eclaratory [j]udgment of lack of standing to foreclose against defendant [and]

---

[14]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 4.

[15]Id.

[16]Id.

[17]Id. at 2.

[18]Id. at 6.

[19]Id. at 7.

[20]Original 2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 2.

-4-

    ii.   [a]lternatively, declaratory judgment for expiration of the statute of limitations to foreclose against defendant.[21]

Defendant removed the case to this court on July 14, 2022, on the basis of diversity jurisdiction.[22]  Defendant filed its Motion to Dismiss on August 3, 2022.[23]  On September 7, 2022, the court granted Defendant's Motion to Dismiss.[24]  On September 16, 2022, Plaintiff filed his Motion for Reconsideration asking the court to vacate its judgment and allow amendment of the Original 2022 Petition.[25]  On October 7, 2022, Defendant filed Defendant Carrington Mortgage Services LLC's Opposition to Plaintiff's Motion to Vacate Under Fed. R. Civ. P. 59(e) ("Defendant's Response") (Docket Entry No. 14).  On October 17, 2022, Plaintiff filed his Reply.[26]

---

[21]Id. at 3.

[22]Defendant's Notice of Removal, Docket Entry No. 1, p. 1.

[23]Defendant's MTD, Docket Entry No. 5, p. 1.

[24]Memorandum Opinion and Order, Docket Entry No. 11, p. 19.

[25]Plaintiff's Motion for Consideration, Docket Entry No. 13, p. 1.  In Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Amend Judgment and for Leave to Amend Original Pleading ("Plaintiff's Reply") (Docket Entry No. 15), Plaintiff also reurges his challenge to the court's subject matter jurisdiction.  Plaintiff again contends that the amount in controversy does not include the value of the Property. Plaintiff's Reply, Docket Entry No. 15, pp. 1-2.  As explained in the court's Memorandum Opinion and Order, Docket Entry No. 11, p. 8, that argument is squarely foreclosed by Farkas v. GMAC Mortgage, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013).

[26]Plaintiff's Reply, Docket Entry No. 15, p. 1.

## II.   **Legal Standard**

### A.   **Rule 12(b)(6)**

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). However, the court may take judicial notice of public records in accordance with Federal Rule of Evidence 201(b). Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011).

### B.   **Rule 59(e)**

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004). The rule "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 479 (quotations omitted).

-6-

## III.  <u>Analysis</u>

Plaintiff first argues that the court incorrectly "believes that the 2018 suit ended in a settlement agreement," and that the court incorrectly viewed a term of that settlement, modification of the loan, as an abandonment of acceleration.[27]   Plaintiff then appears to argue that discrepancies in the amounts demanded by Defendant since the settlement agreement negate abandonment.[28] Plaintiff separately argues that the court was required to accept Plaintiff's allegation that Defendant is not a "Lender" with respect to Plaintiff's debt, which implicates the power to foreclose under the Deed of Trust.[29] Finally, Plaintiff seeks leave to amend his Original 2022 Petition based on "newly discovered evidence" of violations of "The Fair Debt Collection Practices Act and Texas Finance Code."[30]

### A.   The Court's Reliance on the 2018 Settlement

Plaintiff argues that the court incorrectly believed that the 2018 Lawsuit ended in a binding settlement agreement.   The significance of this would be that a mere offer to modify a loan may not be "unequivocal" enough to be an abandonment of

---

[27]Plaintiff's Motion for Reconsideration, Docket Entry No. 13, p. 4.

[28]<u>Id.</u> at 4-5.

[29]<u>Id.</u> at 6-7.

[30]<u>Id.</u> at 7.

acceleration. See Swoboda v. Ocwen Loan Servicing, LLC, 579 S.W.3d 628, 633 (Tex. App.-Houston [14th Dist.] 2019) ("Intent is the critical element, and its manifestation must be unequivocal."). Specifically, Plaintiff argues that providing the modification was a "condition precedent" to the formation of a binding agreement.[31] Modification was a material term of the settlement agreement,[32] but Plaintiff cites nothing in the record suggesting that the settlement would only become binding upon the parties finalizing the modification document. In fact, the parties confirmed to the court the very opposite, stating before documentation that the settlement agreement was binding.[33]

Plaintiff then argues that Defendant breached the settlement agreement by not providing the agreed-upon modification (i.e., by adding allegedly material terms).[34] Even under Plaintiff's version of events, where Defendant caused the breach, the parties had both agreed that they were bound by the settlement agreement, which included "modification of the loan with a new principal of $137,000

---

[31]Id. at 4

[32]Memorandum Opinion and Order, Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 3.

[33]Transcript of Hearing Before the Honorable Gray H. Miller, United States District Judge, Logan v. Carrington Mortgage Services, LLC, Civil Action No. 4:18-3743, Docket Entry No. 92, pp. 2:25-3:3, p. 8:18-25, p. 9:12-19.

[34]Plaintiff's Motion for Reconsideration, Docket Entry No. 13, p. 4 ¶ 1.e, p. 6 ¶ 2.j.

-8-

for a term of 360 months at 3% interest."[35]  Defendant legally bound
itself to modification of the loan.   That evidenced Defendant's
"actual intent to relinquish the [acceleration], or intentional
conduct inconsistent with the" acceleration.    <u>Justice v. Wells
Fargo Bank National Association</u>, 674 F. App'x 330, 333 (5th Cir.
2016) (internal quotations omitted).   By legally binding itself to
modification    of    the    loan,    Defendant    therefore    abandoned
acceleration.   Even assuming Plaintiff could ultimately show that
Defendant breached the settlement agreement, that might support a
breach of contract claim, not Plaintiff's claim that the settlement
was never binding in the first place.

Plaintiff also argues that the settlement itself was vacated
by Judge Miller in the 2018 lawsuit.[36]   Judge Miller's Order does
not say or imply that.   The Order vacated the dismissal that was
conditioned on <u>documentation</u> of the settlement agreement.[37]   Judge
Miller held the court lacked jurisdiction to enforce the settlement
agreement and dismissed the remaining claim as moot based on the
foreclosure rescission.    Nowhere in the order did Judge Miller

---

[35]Transcript of Hearing Before the Honorable Gray H. Miller,
United States District Judge, <u>Logan v. Carrington Mortgage
Services, LLC</u>, Civil Action No. 4:18-3743, Docket Entry No. 92,
pp. 2:25-3:3, p. 8:18-25, p. 9:12-19; Memorandum Opinion and Order,
Exhibit K to Defendant's MTD, Docket Entry No. 5-11, p. 3.

[36]Plaintiff's Motion for Reconsideration, Docket Entry No. 13,
p. 4 ¶ 1.c, p. 6 ¶ 2.j.

[37]Memorandum Opinion and Order, Exhibit K to Defendant's MTD,
Docket Entry No. 5-11, p. 6.

vacate the settlement itself or endorse Plaintiff's idea that documentation was a condition of the settlement becoming binding.

Plaintiff then argues that Defendant has since asserted that it did not abandon acceleration.    That does not matter. Defendant's subsequent actions or positions cannot reverse its abandonment.    See Calderon v. Bank of New York Mellon as Trustee for Certificateholders of CWABS, Inc., Asset-Backed Certificates Series 2006-22, 791 F. App'x 453, 457 (5th Cir. 2019).  Plaintiff seems to argue in the alternative that if acceleration was abandoned, Defendant cannot now rely of the original acceleration and must send a new set of default and acceleration notices.[38]  But the question presented in this case was whether the foreclosure statute of limitations had expired, not whether Defendant has properly re-accelerated the note's maturity.[39]

## B.   Discrepancy in the Loan Modification Amount

Plaintiff argues the principal amount specified in the contested modification document[40] was different than the original

---

[38]Plaintiff's Motion for Reconsideration, Docket Entry No. 13, p. 5 ¶ 2.d.

[39]Plaintiff argues that this court relied on acceleration notices sent by Defendant since the foreclosure rescission.  Id. The court referenced those notices as part the case's factual background.   They played no part in the court's decision because assessing the sufficiency of those notices was not a part of the two issues in this case – standing to foreclose and the statute of limitations.

[40]Plaintiff also cites a higher amount demanded by Defendant months after the settlement dispute.   Plaintiff's Motion for Reconsideration, Docket Entry No. 13, p. 6 ¶ 2.g.

balance and that those discrepancies somehow disprove abandonment.
The discrepancy between the original loan and the loan modification
is fairly small, but it does not matter either way.  The parties
agreed to modify the loan so that it would be payable over a new
term of 360 months, and they agreed to that essential term as part
of their binding settlement agreement.[41]  That meant that the loan
balance would no longer be immediately due, meaning that Defendant
abandoned acceleration.  Plaintiff argues that amounts demanded by
Defendant since the settlement contradict abandonment, but an
abandonment of acceleration cannot be revoked.  See Calderon, 791
F. App'x at 457.

## C.   Plaintiff's Allegation that Defendant is not a "Lender"

Plaintiff argues that the court failed to accept as true his
allegation that Defendant is not a "Lender."[42]  The Deed of Trust,
which enables the "Lender" to foreclose after acceleration, defines
Hancock as the "Lender."[43]  However, the Deed of Trust also states
that "[t]he covenants and agreements of this Security Instrument
shall bind and benefit the successors and assigns of Lender and
Borrower."[44]  The court never stated that the Deed of Trust defined

---

[41]Memorandum Opinion and Order, Exhibit K to Defendant's MTD,
Docket Entry No. 5-11, p. 3.

[42]Plaintiff's Motion for Reconsideration, Docket Entry No. 13,
pp. 6-7 ¶¶ 3.a-b.

[43]Deed of Trust, Exhibit 1 to Original 2022 Petition,
Exhibit A-2 to Defendant's Notice of Removal, Docket Entry No. 1-3,
p. 21, p. 27 ¶ 18.

[44]Id. at 26 ¶ 12.

Defendant as a "Lender."    But the Hancock-Carrington Deed
Assignment, attached to the Plaintiff's Original 2022 Petition,
transferred Hancock's rights under the Deed to Defendant.[45]
Plaintiff argued that the assignment was defective because
Defendant's agent lacked Hancock's authority, but Texas law bars
Plaintiff from challenging that assignment. See <u>Morlock, L.L.C. v.</u>
<u>Bank of New York</u>, 448 S.W.3d 514, 517 (Tex. App.-Houston [1st
Dist.] 2014).

## D.   Plaintiff's Request for Leave to Amend

Finally, Plaintiff requests leave to amend because "newly
discovered evidence, for example the Pay-off Statement Dated 8-14-
2022, has led to the discovery of multiple violations of . . . The
Fair Debt Collection Practices Act and Texas Finance Code."[46]
Plaintiff does not explain how the newly discovered evidence
supports these new claims.    Instead, Plaintiff requests that
"[a]dditional discovery [] be allowed to fully develop a thorough
framing for the court and a trier of fact."[47]  A Rule 59(e) motion
is not a proper method for asserting new claims not raised before

---

[45]Hancock-Carrington Deed Assignment, Exhibit 7 to Original
2022 Petition, Exhibit A-2 to Defendant's Notice of Removal, Docket
Entry No. 1-3, p. 54.   In the Memorandum Opinion and Order, the
court cited the copy of the Assignment attached to Defendant's
Motion to Dismiss.  To remove any doubt, the court was not weighing
evidence of the Defendant.   The court relied on that document
because it was also attached to Plaintiff's Original 2022 Petition.

[46]Plaintiff's Motion for Reconsideration, Docket Entry No. 13,
p. 7.

[47]<u>Id.</u>

the final judgment.  See Sentry Select Insurance Co. v. Home State
County Mutual Insurance Co., 582 F. App'x 284, 286-87 (5th Cir.
2014) (per curiam).  If the claims could not have been brought
before the final judgment, the proper mechanism is to assert them
in a new lawsuit.  Id. at 287.  If they could have asserted them
before the final judgment but did not, "then vacating the judgment
under Rule 59(e) to allow assertion of the claims would clearly be
improper and inconsistent with 'the policy against allowing
litigants to assert their claims in series.'"  Id. (quoting
Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606,
612 (5th Cir. 1993)).  Either way, granting Plaintiff leave to
amend to assert the new claims after a final judgment would be
improper.

## IV.   Conclusion and Order

For the reasons explained above, the court concludes that
Plaintiff has not identified any error or newly discovered evidence
to justify altering or vacating the court's final judgment.
Plaintiff's Motion to Vacate Judgment, with Leave to Amend
Plaintiff's Original Petition to Conform to the Evidence (Docket
Entry No. 13) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 24th day of October, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-13-